

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clifford S. Roe
County Attorney
Panola County
Carthage, Texas

Dear Sir:

Opinion No. 0-3368
Re: Does the scheme submitted
constitute a violation of
lottery laws of the State
of Texas?

Your written request dated March 30, 1941, has been received and considered. We quote from your request as follows:

"One of my constitutents has a bottling plant in which he makes soda water. As a means of advertisement, he wishes to number the caps on the inside from one to twenty-four. Now in each case of twenty-four bottles, he wishes to designate about two numbers out of each case as a free drink. He not only sells these drinks in Panola County, but throughout East Texas. He wishes to know whether or not this would be considered as any kind of gambling or lottery. In other words, a person might buy a drink and get a free one or he might not. It is not for the purpose of getting any gain other than the sale of drinks, and as I stated above, is only for the purpose of advertisement."

Section 47 of Article 3 of the Constitution of the State of Texas reads:

"The Legislature shall pass laws prohibiting the establishment of lotteries and gift enterprises in this State, as well as the sale of tickets in lotteries, gift enterprises or other evasions involving the lottery principle, established or existing in other States."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Clifford S. Roe, Page 2


Article 654 of the Penal Code of the State of Texas, 1925, provides as follows:

"If any person shall establish a lottery or dispose of any estate, real or personal, by lottery, he shall be fined not less than one hundred nor more than one thousand dollars; or if any person shall sell, offer for sale or keep for sale any ticket or part ticket in any lottery, he shall be fined not less than ten nor more than fifty dollars."

This department held in opinion No. O-1918 that the elements essential to a lottery are (1) a prize; (2) chance; (3) a consideration. City of Wink vs. Griffith Amusement Company (Supreme Court), 100 S. W. (2d) 695; Griffith Amusement Company vs. Morgan, 98 S. W. (2d) 844.

It is clear the first two elements are present: the prize is a "free" drink to two successful persons out of twenty-four original purchasers; likewise the "chance" element clearly appears when the odds are considered by which two out of twenty-four purchasers of drinks, all paying the same original consideration, may, if they are smiled upon by "Lady Luck" receive the "free" drinks. We believe the third element, that of consideration, is likewise present under the facts submitted by you. In this connection we call your attention to the discussion and authorities cited in our opinion No. O-2063, a copy of which we are enclosing for your assistance. We believe the authorities therein discussed and cited are equally applicable to your submitted proposition.

You are therefore respectfully advised that it is the opinion of this department that the proposed system or scheme, submitted in your request, constitutes a lottery and is prohibited by Article 654 of the Penal Code of the State of Texas, 1925.

We trust that we have fully answered your inquiry.

APPROVED APR 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

HM:ej
Encl.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken
Harold McCracken
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN